U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

SEP - 5 2008

ROBERT H. SHEMWELL, CLERK
BY _____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARK COOMER, ET AL | : | DOCKET NO. 07-1848(Lead)<br>c/w 08-00324(Member)<br>c/w 08-00332(Member) |
| VS. | : | JUDGE TRIMBLE |
| FEDEX FREIGHT EAST, INC., ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss"(doc. #12) filed by defendants, FedEx Freight East, Inc. and Discover Property & Casualty Insurance Company, wherein the movers seek to dismiss the claims of Mark and Brenda Coomer. The motion was originally filed pursuant to Federal Rule of Civil Procedure 12(b)(6), but was converted by the Court to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 because our consideration of the motion requires us to look at evidence submitted outside the pleadings. By order dated August 15, 2008,[1] the Plaintiffs were instructed to submit summary judgment evidence and memoranda to oppose the motion. Plaintiffs have filed no opposition to the motion.

## FACTUAL STATEMENT

This case arises out of an automobile accident which resulted in the deaths of Katrina Coomer and her infant son, Travis. Separate suit seeking wrongful death and survival damages arising out of Katrina's death were filed: one by her parents, Mark and Brenda Coomer, and the other by Travis' biological father, Joseph Ashworth, in his capacity as Travis' legal successor.

On February 15, 2007, Katrina Coomer was driving east in the inside lane of Interstate 10. She was eight months pregnant at the time. Witnesses saw Katrina's vehicle drift right and impact the left rear tire of a FedEx Freight trailer. The impact caused Katrina's vehicle to veer sharply left and traverse the median

---

[1] Doc. #17.

into the westbound lane of Interstate 10 directly in the path of an oncoming eighteen-wheeler. The eighteen-wheeler collided with Katrina's car and severely injured her.

Katrina was transported to the hospital and immediately upon her arrival, she gave birth via emergency C-section to her son, Travis. Both his birth certificate and medical records place his time of birth at 11:06 a.m. Shortly thereafter, at 11:12 a.m., Katrina was pronounced dead. Approximately twenty minutes after his birth, Travis' condition rapidly deteriorated; he was pronounced dead at 12:00 p.m. Both the parents of Katrina and Travis' biological father have filed wrongful death and survival actions.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of

---

[2] Fed. R.Civ. P. 56(c).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[4] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[5] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[6] *Anderson*, 477 U.S. at 249.

material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[9]

## LAW AND ANALYSIS

Defendants seek to dismiss the claims of Katrina's parents, Brenda and Mark Coomer because Travis survived his mother and the actions related to her death vest exclusively in Travis, Katrina's son. Louisiana Civil Code article 2315.1 provides the following regarding survival actions:

> A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
> (1) The surviving spouse and child or children of the deceased, or either the spouse of the child or children.
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
> (4) The surviving grandfathers and grandmother of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
> B. In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative in the absence of any class of beneficiary set out in Paragraph A.
> C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.

Louisiana Civil Code article 2315.2 creates rights arising out of a tort victim's wrongful death and provides the following:

> A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or the children.

---

[7] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

[8] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[9] *Anderson,* 477 U.S. at 249-50.

(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
(3) The surviving brothers and sisters of the deceased, or any of them if left no spouse, child, or parent surviving.
(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
B. The right of action granted by this Article prescribes one year from the death of the deceased.
C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.

To recover either wrongful death or survival damages, a plaintiff must fall within one of the hierarchical classes of persons designated as potential beneficiaries.[10] The existence of any beneficiary in a prior class precludes the right vesting in any beneficiary under a subsequent class.[11]

The fact that Travis survived his mother has not been disputed. When Katrina died, the right to pursue wrongful death and survival actions immediately vested in her then-living son under § (A)(1) of articles 2315.1 and 2315.2. Travis was the sole beneficiary of these rights to the exclusion of any potential beneficiaries. Hence, Mark and Brenda, Katrina's parents are precluded from asserting wrongful death and survival action arising out of Katrina's death.

Section C of the wrongful death and survival statutes provide that these rights of action are heritable. If the right to pursue wrongful death or survival damages on accounts of another's death vests in one of the listed beneficiaries, and that beneficiary dies, then the right devolves according to the law of succession.[12]

Under the intestate succession rules, when a decedent leaves no descendants, the next class of possible heirs is comprised of the decedent's surviving parents and/or sibling and their descendants.[13] Joseph Ashworth, Travis' father obtained a judgment acknowledging him as Travis' biological father within one year

---

[10] La. Civ. Code arts. 2315.1 and 2315.1; *Turner v. Busby,* 883 So.2d 412 (La. 2004).

[11] William Crawford, Tort Law in Louisiana Civil Law Treatise, § 5.10(2008).

[12] La. Civ. Code arts. 2315.1C and 2315.2C; *Blanchard v. Tinsman,* 445 So.2d 149 (La.App. 3 Cir. 1984).

[13] La. Civ. Code art. 880.

of Travis' death. Thus, because Mr. Ashworth became Travis' sole heir and inherited his estate in its entirety, plaintiffs' Mark and Brenda Coomer lack procedural capacity to pursue these rights of actions.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted, dismissing the claims asserted by Mark and Brenda Coomer for any damages arising out of the death of their daughter, Katrina Coomer.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of September, 2008.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE